UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Puckmaster, Inc.,

    Plaintiff,

v.

Metalbrik Equipment, LLC; SOS
Metals, Inc.; Transworld Alloys, Inc.;
and Christopher Duncan,

    Defendants.

**ORDER**
Case No. 04-2599 ADM/JSM

---

Scott A. Johnson, Esq., and Todd M. Johnson, Esq., Johnson Law Group LLP, Minnetonka, MN, on behalf of Plaintiff Puckmaster, Inc.

Linda Svitak, Esq., and Kristin Eads, Esq., Faegre & Benson LLP, Minneapolis, MN, on behalf of Defendants SOS Metals, Inc. and Transworld Alloys, Inc.

---

    The matter before the undersigned United States District Judge is Plaintiff Puckmaster, Inc.'s ("Plaintiff") Motion to Strike Defendants' Summary Judgment Motions and Briefs [Docket No. 185]. The Motion seeks to strike two separate Motions for Summary Judgment [Docket Nos. 160, 180] filed by Defendants SOS Metals, Inc. and Transworld Alloys, Inc. (collectively, "Defendants"). Plaintiff argues that Defendants have circumvented the dispositive motion word limitation of Local Rule 7.1 by filing two separate Motions. Plaintiff contends Defendants' two Motions for Summary Judgment are, essentially, one motion, and therefore, Defendants have exceeded the 12,000 word limit on supporting briefs when the word count of the two memoranda in support of its Motions are added. Plaintiff also claims that Defendants have violated Local Rule 7.1 by failing to file a Word Count Compliance Certificate for one of the supporting briefs. In response, Defendants argue that the two Motions for Summary

Judgment address separate issues and request different relief, and therefore, were properly filed as two Motions. Additionally, Defendants aver that they filed Word Count Compliance Certificates for both supporting briefs.

As an initial matter, Defendants have filed Word Count Compliance Certificates for both supporting briefs. See Docket Nos. 177, 182. Furthermore, a review of Defendants' Motions reveals that the issues covered are sufficiently distinct as to warrant separate motions. The first Motion for Summary Judgment addresses issues of liability, and, if granted, would be dispositive of the lawsuit as to Defendants such that the second Motion for Summary Judgment, which addresses issues of damages, need not be addressed. Although judicial economy makes it preferable that motions for summary judgment be combined whenever possible, the instant situation is not so egregious as to warrant the harsh remedy of striking the Motions and accompanying briefs. Defendants' briefs, when combined, total slightly more than 18,000 words, and do not evidence any attempt at deliberate circumvention of the Local Rules. Id. Consequently, Plaintiff's Motion to Strike is denied, and the briefing schedule for the Motions for Summary Judgment is amended as set forth below.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Strike Defendants' Summary Judgment Motions and Briefs [Docket No. 185] is **DENIED**; and

2. The deadline for Plaintiff's opposition memoranda is August 10, 2006; and

3. The deadline for Defendants' reply memoranda is August 18, 2006.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 27, 2006.